UNITED STATE DISTRICT COURT, DISTRICT ● MASSACHUSETTS

ALBERTO TRAPAGA                                )
                PETITIONER,        )
                           )

V.                                             )
                           )

BRUCE CHADBOURNE, Inteim                       )    Immigration Court Removal Proceedings:
Field Office Director for Detention            )    # A-24-792-227
and Removal, Boston Field Office, Bureau       )
of Immigration and Customs Enforcement;        )    CIVIL ACTION NO:
the Bureau of Immigration and Customs          )
Enforcement,                                   )
"Superintendent",Robert Murphy of the          )
Nemansket Correctional Center, or Aka,         )
M.T.C.                                         )
Commissioner of the Massachusetts Dept. of     )
Corrections-Kathleen. M. Dennehy               )
                DEFENDANT,         )



RECEIVED DEC - 9 2004

04-12599 NMG

refered to mj JL Alexander

" <u>PETITION</u> <u>FOR</u> <u>A</u> <u>WRIT</u> <u>OF</u> <u>HABEAS</u> <u>CORPUS</u> <u>PURSUANT</u> <u>TO</u> <u>28</u> <u>U.S.C.</u> <u>§</u> <u>2241</u> "

      Petitioner, Alberto Trapaga, here by Petitions this Honorable
Court for writ of habeas corpus to remedy his Unlawful detention,
and to enjoin his Continued Unlawful detention by the Respondents.
      In support of this petition and complaint for injunctive
relief, the Petitioner ALLEGES as Follows:
1)     Petitioner, Alberto Trapaga, has been a Lawful Resident
       of the United States up until his mess up with the law
       and was Ordered Deported by the Federal Immigration Judge
       and that was on or abouts within the Year 1986 I was
       Relieved of my Parole by INS today is Called ICE on Deportation
       and has not been taken in to Custody by the U.S. Marshals
       Deptment. I have been Illegally Committed to the Nemansket
       Correctional Center which still has a name out side Called
       Massachusetts Treatment Center, this is Still a Prison.
       The Petitioner has been illegally Committed to the Treatment
       Center by a Superior Court Judge and he said that he has
       the right to Overrule a Federal Court Immgration Judge.

2)    **The** Respondant, Alberto Gonzalez, is the Attorney General
      of the United States and is responsible for the Administration
      of I. C. E. and the Implementation and enforcement of the
      Immgration Laws. As such, he is the Ultimate Legal Custodian
      of the Petitioner, Albert Trapaga.

3)    The Respondent, Bruce Chadbourne is the Interim Field Office
      Director of Detention and Removal, Boston Field Office, Bureau
      of Immigration and Customs Enforcement, Department of home
      land Security.
      as such, he is the local I.C.E. Official who has or is
      suppose to have immedate Custody of the Petitioner, Alberto
      Trapaga.

4)    The Respondents Department of Homeland Security is the Agency
      Charged with implementing and enforcing the Immigration Laws.

5)    **The** Respondent, Kathleen. M. Dennehy is Acting Commissioner,
      of the Massachusetts Department of Corrections, Because I.C.E.
      Contracts with state prisons such as the Nemansket
      Correctional Center, a Prison under Deguise of a Treatment
      Center, thats in Bridgewater, Mass. to house Sexual Dangerous
      Persons, and Immigration Detainees or Commitments such as
      the Petitioner, She has immediate Custody of the Petitioner,
      Alberto Trapaga and Not the U.S. Marshals Service.

### CUSTODY

6)    **The** Petitioner, is Being Detained at the Nemansket Correctional
      center-a-prison, in Bridgewater, Mass. I.C.E. has Supposiblely
      Contracted with the Nemansket Correctional Center to House
      immigration detainees such as Alberto Trapaga the Petitioner
      is suppose to be under the direct Control of the Respondent
      **Bruce Chadbourne Director of Immigration Removal,** and his
      Agents.

## JURISDICTION

7)  **This** action arises under the Constitution of the United
States, the Immigration and Nationality Act ( " I N A " ),
8 U. S. C. § 1101 et. Seq. as Amended by the illegal
Immigration Reform and Immigrant Responsibility Act of 1996
( " I I R I R A " ), Pub L. NO: 104-208, 110 Stat. 1570,
and the Administrative Procedure Act ( " A P A " ),
5 U. S. C. § 701 et. Seq. This Court has Jurisdiction
Under **28 U. S. C. § 2241, Article I § 9, cl. 2 of the**
**United States Constitution ( " Suspension Clause " ),**
**and 28 U. S. C. § 1331,** as the Petitioner is presently in
Custody under Color Code of the Authority of the United States,
and such Custody is in Violation of the Constitution, Laws,
or Treaties of the United States.
**See: ZADVYDAS V. DAVIS, 533 U. S. 678, 121 S. Ct. 2491**
**( 2001 ).**

## EXHAUSTION OF REMEDIES

8)  The Petitioner, has exhausted his Administrative remedies
to the extent required by Law, and his Only remedy is by way
of this Judicial Action. After the Supreme Judicial Court
made a Decision in **Zadvydas, the department of Justice issued**
**regulations governing the Custody of Aliens Ordered Removed.**
See: 8C. F. R. § 241.4 This Petitioner has been ordered
Deported on 1986    and Not taken into Custody by the
Marshals Department on his Wrap-up Date March.9,2003 .

## VENUE

9)  **Venue** lies in the District of Massachusetts or words known
as the Commonwealth, Because Alberto Trapaga is Currently
being held Captive at the Nemansket Correctional Center.
**Venue** In the Commonwealth or District of Massachusetts
is **Improper** because the Petitioner in Not in the Coustody
of the Respondent **Bruce Chadbourne, Interim Field Office**
**Director of this District,** which encompasses Massachusetts.
**28 U. S. C. § 1391.**

10)    No Statutory Exhaustion requirements apply to Petitioner's
       claim of Unlawful detention in a Prison setting after many
       numerous Letters have been written to the Respondent's.

## STATEMENT OF FACTS

11)    **The** Petitioner, Alberto Trapaga, was Born in Cuba on
       I came to the U.S. on           ,looking for a better life,
       and My being a **Mariel Cuban** made this more difficult, the
       Petitioner Lived in Lynn, (before arrested) with my
       Girlfriend, **Edra Ortiz,** and I have friends and Relatives
       Two Family's in New York and in Flordia, all of them are
       U.S. American Citizens.
       I had a Passport, but the Crime I committed, broke that
       Passport Contract of Immigration, I had been Accepted
       by U.S. Customs Under Humanitarian Reasons, I Only lived
       well in Cuba.

12)    On sept.14,1982 I was Convicted of A & B and Attempted Rape.
       On 1986 I was Relieved of  my Parole and Ordered Deported
       for Committing a Feloney.
       I was ordered Deported to Cuba by the Immigration Court.
       the Court was in New York, 201-Varick St S.P.C. Room 651
       New York NY. 10014
       I Applyed for Asilum and the Appeals Court said Denied en
       Waived that was in the Year Dec.28,1987, I was Cleared by
       Mental Helth of not being dangerous to the Public Safety
       and I.N.S. released me on Parole in 1991. In 1992 I violated
       my parole by committing a Robbery, my deportation was put
       into force at the Very Moment, I am suppose to be back
       in  custody  and  that  was on 3/9/2003 that my time wrap-
       up but this place kept telling the Marshal's service,
       and INS or now I.C.E.
       if you want to check my court records here is my court
       docket entry sheet No: ESCV2003-00345, out of Salem Superior
       Court. My suppose to be Lawyer is and was Arnold. P. Cohen
       -Phone No: 617-367-6298 this man did exactly nothing in my
       behalf.

On December.5,2003 the court went ahead and committed me,
After I told them over, and Over, and Over again, that
I am in Deportation Status, the Marshal's are suppose to
pick me up. I have been held Captive Since my wrap-up
date 3/9/2003 up to the date you are reading now, I have
tryed to explain to many different people that are incharge,
But without any results I am left No other Choice, but to
Place this in your hands, Because I have already been
fouled by the Superior Court System, and D.O.C. and I
don't TRUST to many people in the United State anymore !..

As of 11/8/2004 I've been held Captive by Law's that
this Country has DREAMED up just to keep people from getting
out to their Family's, The Almighty GOD of Heaven and earth
meant for people to have dominion that is to be free, if
Only man will give the Creator the Right to Correct what
has been made wrong then he wouldn.t be so dam mad at this
Country for taking the Almighty job and trying to do what
he Only Knows how to do, No one can Know what's in man's
heart it's Only the Creator of Life that Know these thing's.

He is the Judge of all, of every breathing creature that
lives on this earth including MAN.

13)    On 3/9/2003, ICE was suppose to have taken Alberto Trapaga
into custody to await his deportation to Cuba He has been
in Nemansket Correctional Center, or Aka, Mass Treatment
Center with a Finnal order since then, for a period of
One Year and Nine Months.

14)    In the 21 Months that have passed since the Petitioner's
last Custody review, ICE has not Notified Alberto Trapaga
of and progress in his repatriation.

15)    To the Petitioner's Knowledge, the government of Cuba has
not issued travel documents for the Petitioner, Indeed,
neither ICE nor the Cuban Country have provided any
indication that Cuba would accept Petitioner in the
Reasonably Foreseeable Future.

16)    ICE has never asserted that the Petitioner has failed to
       Cooperate in his Deportation. To the Contrary, the Petitioner
       on his initiative, and through the help of friends and
       family, has tried to expedite his repatriation to Cuba and
       release from Custody.

       ICE has offered no evidence to suggest that repatriation
       in the Petitioner's individual case is reasonably foreseeable
       now.

                      LEGAL FRAMEWORK FOR RELIEF SOUGHT
17)
       In Zadvydas, [ the Supreme Court held that U.S.C. § 1231
       (a)(6), when " read in light of the Constitution's demands,
       limited an Alien's post-removal-period detention to a period
       resonably necessary to bring about the Alien's removal from
       the United States "] Id., 121 S. Ct. at 2498. A " habeas
       court must [ first ] ask whether the detention in question
       exceeds a period reasonably necessary to secure removal."
       Id. at 2504. If the individual's removal is not reasonably
       foreseeable, " the court should hold continued detention
       unreasonable and no longer authorized by statute ". Id.

18)    In determining the length of a reasonable removal period
       the court adopted a presumptively reasonable period of
       detention " of Six months. Id at 2504. After six months,
       the government bears the burden of disproving an Alien's
       " good Reason to believe that there is no significant likeihood
       of removal in the reasonably Foreseeable Future." See
       Zhou v. Farquharson, 2001 U.S. Dist. LEXIS 18239, *2-*3
       ( D. Mass. Oct. 19,2001 ) (quoting and summarizing
       Zadvydas.) Moreover, " [f]or detention to remain reasonable,
       as the period of prior post-removal confinement grows,
       what counts as the 'reasonably foreseeable future' conversely
       would have to shrink " Zadvydas, 121 S. Ct. at 2505.
       ICE's Aministrative regulations also recongnize that the
       HQPDU has a six-month period for determining whether there
       is a significant likelihood of an Alien's removal in the
       reasonably foreseeable future. See 8 C. F. R. § 241.4 (k)
       (2) (ii).

19)    Evidence showing successful repatriation of other persons
       to the country at issue is not sufficient to meet the

government's burden to esablish that an alien petitioner
will be deported within the reasonably forseeable future.
See THOMPSON, V. INS, 2002 U.S. Dist. LEXIS 23936 ( E.D.
La. September.16,2002 ) ( government failed to show that
alien's deportation to Guyana was reasonably foreseeable
where the government offered historical statistics of
repatriation to Guyana, but failed to show any response
from Guyana on the application for travel documents that
INS and the petitioner had requested;Kacanic V. Elwood,
2001 U.S. Dist. LEXIS 21848 at *14 ( E.D. Penn. Nov.8,2002)
Government reliance on data concerning removals of other
aliens to Yugoslavia did not satisfy Zadvydas because
government failed to give information about the number
of aliens that were Denied Travel papers and did not
provide individualized information about the removed
aliens that would allow  " a meaningful conparison "
of the removed aliens to the petitioner; Ablahad V. Ashcroft,
2002 U. S. Dist. LEXIS 17405 at *4 ( N.D. ILL September.6,2002 )
( evidence the aliens have been deported to petitioner's
country is not sufficient to carry the government's burden
under Zadvydas ). Rather for the Government to meet its
burden of showing that an alien's repatriation is reasonably
foreseeable, it must provide some meaningful evidence
particular to the individual petitioner's case.
Compare Thompson, Kacanic, and Ablahad with Khan V. Fasano,
194 F. Supp. 2d. 1134 ( S.D. Cal. 2001 ) (eight month
detention following final order was not unreasonable where
INS requested travel documents for petitioner,
Pakistani Consulate indicated that petitioner's travel
document application had been forwarded to the appropriate
ministry, INS had successfully repatriated 476 pakistani
nationals during 2001, suggesting that there were no
" Institutional barriers " to successful repatriation,
and a meeting was scheduled with Pakistani government
to discuss petitioner's case ).

-8-

20) An alien who has been detained beyond the presumptive Six
months should be released where the government is unable
to present documented confirmation that the foreign
government at issue will agree to accept the particular
individual in Question. See Agbada V. John Ashcroft, 2002
U.S. Dist. LEXIS 15797 ( D. Mass. August.22,2002 ) (court
" will likely grant " habeas Petition after fourteen months
If ICE " is unable to present document confirmation that
Nigerian government has agreed to [ petitioner ] repatriation " );
Zhou, 2001 U.S. Dist. LEXIS 18239 ( ordering that the
writ of habeas corpus issue within 60 days, given petitioner's
13-month detention and the INS's inability to assure
the court that the paperwork from China was on its way);
Abdu V. Ashcroft, 2002 U.S. Dist. LEXIS 19050 at * 7 ( W.D.
WASH. February.28,2002 ) Government's failure to offer
specific information regarding how or when it expected
to obtain the necessary documentation or cooperation
from the foreign government indicated that there was
no significant likelihood of petitioner's removal in
the reasonably foreseeable future ); Kacanic, 2001 U.S.
Dist. LEXIS 21848 ( where alien had been detained for
One Year, lack of a definitive answer from foreign embassy
as to issuance of travel documents-or any indication
that a definitive answer was likely--showed that removal
was not reasonably foreseeable ); Mohamed V. Ashcroft,
2002 U.S. Dist. LEXIS 16179 at *7 ( W.D. Wash. April.
15,2002 ) ( granting writ of habeas where lack of definite
answer from the foreign consulate indicated that no removal
was likely in the reasonably foreseeable future ).

## CLAIMS FOR RELIEF
### COUNT ONE

### STATUTORY VIOLATION

21)    Petitioner re-alleges and incorporates by reference Paragraphs
       1 through 20 above.

22)    **Petitioner's** continued detention by the Respondant's violates
       INA § 241 (a) (6), as interpreted in Zadvydas. Petitioner's
       six-month presumptively reasonable period for continued
       removal efforts passed  One year 9 Months Ago. For the Reasons
       outlined above in Parragraphs 1 through 20, Petitioner's
       removal to Cuba is not reasonably foreseeable.

       **The Supreme Judicial Court held in Zadvydas** that the Continued
       detention of someone after six months where deportation is not
       reasonably foreseeable is unreasonable and in Violation of
       INA § 241.

### COUNT TWO
### SUBSTANTIVE DUE PROCESS VIOLATION

23)    petitioner re-alleges and incorporates by reference Para-
       graphs 1 through 22 above.

24)    **Petitioner**'s Continued detention violates his right to
       substantive due process by depiring him of his liberty interest
       to be free from bodily restraint. ( The due process Clause
       requires thatdeprivation of petitioner's liberty be narrowly
       tailored to serve a Compelling government interest to be
       free from bodily restraint.
       While the Respondents would have a compelling government
       interest in detaining the petitioner in order to effect his
       deportation, that interest does not exist if Alberto Trapaga
       cannot be deported. The Supreme Court in Zadvydas thus
       interpreted INA § 241 to allow continued detention only
       for a Period reasonably necessary to serve the alien's
       removal because any reading would go beyond the government's

articulated interest--to effect the alien's removal.

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

25)    Petitioner re-alleges and incorpates by reference paragraphs
       1 through 24 above.

26)    **Under** the due process Clause of the United States Constitution,
       an alien is entitled to a timely and meaningful opportunity
       to demonstrate that he should not be detained. The
       Petitioner in this case has been denied that opportunity as
       there is no Administrative mechanism in Place for the
       Petitioner to demand a decision, ensure that a decision will
       ever be made, or appeal a custody decision that violates
       Zadvydas.

## PRAYER FOR RELIEF

**WHEREFORE,** the petitioner prays that this Court grant the
following relief:

1)    Assume Jurisdiction over this Matter;

2)    Grant petitioner a writ of habeas corpus directing the
      respondents to immediately release the petitioner from custody;

3)    Order Respondents to refaim from transferring the petitioner
      out of the juisdiction of ICE Boston District during the
      pendency of these proceedings and while the petitioner
      remains at said residents.

4)    **Grant the petitioner relief under these Restrictions:**

      1).    Deliberate Indifference

      2).    Negligence

      3).    Mental Crulty in the Highest Degree

      4).    Inproper Overcrowding of cells

      5).    Staff is Ignorent of the Petitioners needs within the
             Prison system.

# MASSACHUSETTS SIGNATURE WITNESSING

Gov. Exec. Ord. #455 (03-13), §5(f)

Commonwealth of Massachusetts

County of _Plymouth_ _____ } ss.

On this the _1_ day of _Dec_ _____, _2004_, before me,
     Day                          Month       Year

_Manuel James Botelho_ , the undersigned Notary Public,
       Name of Notary Public

Personally appeared _Alberto Troffaga_ _____ ,
                        Name(s) of Signer(s)

Proved  to  me  through  satisfactory  evidence  of  identity,  which  was/were
_Inmatic I.D. # N182999_ ,
                      Description of Evidence of Identity

To be the person(s) whose name(s)

Was/were signed on the preceding or

Attached document in my presence.

_____
Signature of Notary Public

_Manuel James Botelho_
Printed Name of Notary

My Commission Expires _10 July 2010_

MANUEL JAMES BOTELHO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jul 16, 2010

Place Notary Seal and/or Any Stamp Above

-----------------------**OPTIONAL**-----------------------

*Although the information in this section is not required by law it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

Right Thumbprint
Of Signer

Top of thumb here

6).    Injunctive relief

7).    Statutory limitations

8).    Substantive due process Limitations

9)    Procedural Due Process Limitations

All Violations are in the sum of Forty-five Million.

I affirm, Under penalty of Perjury, that the forgoing is
True and Correct. This Petitioner Respectfully Submits this Writ
of Habeas Corpus before the Court this Day____*2*____ and Month
_*Dec*____ and year _*200P*____

Sincerely & Respectfully Submitted,

X _Alberto Trapaga_____

Alberto Trapaga.   Pro-Se Litigent.

Dated _*12/2/04*_____

*YRC - Retirement*

**U.S. Department of** ~

**Executive Office for Immigration Review**

*Office of the Immigration Judge*

*92-0006 - 10 9 -*

201 VARICK STREET (S.P.C.), ROOM 651
NEW YORK, NEW YORK  10014


NAME      : ALBERTO ANTONIO TRAPAGA PACHECO
CITIZEN OF : CUBA
NATIVE OF  : CUBA
FILE #    : A 24 792 227


(DATE)      DECEMBER 30, 1986


CHIEF, ASYLUM DIVISION
BUREAU OF HUMAN RIGHTS AND
HUMANITARIAN AFFAIRS
UNITED STATES DEPARTMENT OF STATE
2201 "C" STREET, N.W.
WASHINGTON, D.C.  20520


Dear Sir:

Pursuant to 8 C.F.R. 208.10, there is enclosed for your views a copy of
an Application for Asylum on Form I-589 and attachments relating to the
above-named subject.  He/she assertes that he/she will be persecuted
because of his/her political opinion if returned to __CUBA__ .
Neither a determination of the applicant's credibility nor an evaluation
of his/her claim has been made.

A hearing on this application has been scheduled for __JANUARY 28, 1987__
Your response prior to this date would be most helpful to the Immigration
Judge in arriving at a decision in this case.

<u>PLEASE NOTE THAT SUBJECT IS BEING DETAINED AT GOVERMENT EXPENSE</u>


Sincerely,

IMMIGRATION COURT CLERK

Enclosures

**Cover Sheet -- SERVICE OF DEPARTMENT OF JUSTICE REVIEW PANEL'S FINAL DECISION**

Name:  Alberto Trapaga-Pacheco

Alien No.:  A24 792 227

BOP File No.:  03846-131

Address:  Federal Correctional Institution Englewood
9595 West Quincy
Littleton, CO 80123

Name of Attorney/Representative:  Gary Leshaw Esq.

Address:  Atlanta Legal Aid Society
340 W. Ponce de Leon Avenue
Decatur, GA 30030

2



**U.S. Department of Justice**

*Washington, D.C. 20530*

September 20, 1988

Tony Belaski, Warden
Federal Correctional Institution
(Englewood)
9595 West Quincy
Littleton, CO  80123

Re:  TRAPAGA-PACHECO, Alberto, A24 792 227

Enclosed are copies of the following documents for the subject individual:

o    "Notice of Intent to Review INS Recommendation (Parole)" - English and Spanish

o    "DOJ Parole Questionnaire" - English and Spanish

o    Certificate of Service

o    Complete set of alien subfiles, including Files Checklist

1.   Please serve the alien with both the English and Spanish versions of the "Notice of Intent to Review INS Recommendation (Parole)" and the "DOJ Parole Questionnaire."

2.   Complete the Certificate of Service and mail it back to the Mariel Document Center:

Mariel Document Center
P.O. Box 50182
F Street Station
Washington, D.C.  20004-0182

Retain a copy of the Certificate of Service and place it in the A-Files already in your possession.

3.   Files must be made available to the alien or his representative for review.  The alien must be notified that the file is available for review immediately upon receipt of this letter.



## CERTIFICATE OF SERVICE:  COUNSEL/REPRESENTATIVE
## PAROLE - DOJ FINAL DECISION

I certify that on this _____30_____ day of _____November_____ 1989,
I telephonically contacted the counsel/representative of record for
detainee <u>Alberto Trapaga-Pacheco</u>, <u>A24  792  227</u>.  I advised
counsel/representative that the DOJ final parole decision was
served this date on his client, and what the decision is.  I then
advised counsel/representative that I am forwarding copies, English
and Spanish, of the DOJ decision to him this date by regular mail.


Counsel/Representative copies of the DOJ decision were mailed
to:

> Gary Leshaw, Esq.
> Atlanta Legal Aid Society
> 340 W. Ponce de Leon Avenue
> Decatur, GA 30030

_Importante_

_____
Signature-Executing Officer


_____
Title-Executing Officer


COPIES OF THIS EXECUTED CERTIFICATE TO:
1.  Douglas S. Wood, Associate Director
    Departmental Cuban Review Program
2.  Director, Cuban Review Plan-CODDP
3.  Administrative record ("A" File)

    (Item #C & D-Instructions)

4



**Cover Sheet -- SERVICE OF DEPARTMENT OF JUSTICE REVIEW PANEL'S
FINAL DECISION**


**Name:  Alberto Trapaga-Pacheco**

**Alien No.:  A24 792 227**

**BOP File No.:  03846-131**

**Address:  Federal Correctional Institution Englewood
          9595 West Quincy
          Littleton, CO 80123**


**Name of Attorney/Representative:  Gary Leshaw Esq.**



**Address:  Atlanta Legal Aid Society
          340 W. Ponce de Leon Avenue
          Decatur, GA 30030**

## PANEL PERCEPTIONS AND RECOMMENDATIONS

THE PANEL FOUND THE DETAINEE XXX CREDIBLE _____ NOT CREDIBLE
BECAUSE: He openly and freely discussed criminal past and showed remorse for
his actions. Subject appeared honest and above bored during interview which
was conducted in a combination of English and Spanish.

THE PANEL WAS UNABLE TO CONCLUDE FROM THIS REVIEW THAT THE
DETAINEE IS: (CHECK ALL APPROPRIATE BOXES BELOW; DO NOT MARK ANY
BOXES BELOW IF YOU ARE RECOMMENDING RELEASE ON PAROLE.)

_____ PRESENTLY NON-VIOLENT.
_____ LIKELY TO REMAIN NON-VIOLENT.
_____ NOT LIKELY TO POSE A THREAT TO THE COMMUNITY FOLLOWING
        HIS RELEASE.
_____ NOT LIKELY TO VIOLATE THE CONDITIONS OF HIS PAROLE

### JUSTIFICATION OF PANEL RECOMMENDATION

Subject account of criminal acts appears reasonable. Although these were
serious crimes for which he received stiff sentence subject appears non-
violent and remorseful for his past actions. Subject has a good record while
in INS custody since 8/86. With the exception of the 4 incidents in Englewood.
(This panel has noticed that several detainees received "shots" in Englewood,
but demonstrated exemplary behavior in other BOP facilities). Subject has
familey support from USC cousins and has a recent job offer. Mental health
evaluations dated 8/25/87 and 5/24/90 states that subject is not likely to be
a danger to the public if released. Subject has no history of mental illness.
This panel believes that subject has learned his lesson, will stay away from
drugs and can function if released. It is recommended that he be released
to sponsor cousins in New York.

PANEL MEMBER #1 [                          ]  b7c    DATE:  11-8-90

CIRCLE ONE:      ( RELEASE/PAROLE )    DETAIN

PANEL MEMBER #2 [                          ] b7c    DATE:  11-8-90

CIRCLE ONE:      ( RELEASE/PAROLE )    DETAIN

* * * * * * *

### POTENTIAL SPONSOR INFORMATION

Job offer-Gilberto Gil 270 Riverdale Ave., Yonkers NY 10701-914-375-0202
Cousing-Nivardo and Raquel Cabrero, USC, 137 Hawthorne Ave. Yonkers NY 10701
        Tel. # 914-476-6532
        Barbarito and Gladys Cabrero, USC, 85 Riverdale Ave. Yonkers NY 10701
        Tel. # 914-423-1062

### ATTACHMENTS, IF ANY

PAGE 3

U. S. Department of Justice
Immigation and Naturalization Service

Notice of Direct Family Placement by INS
Colocación Directa con la Familia por INS

To:
Alberto TRAPAGA-Pacheco
c/o  Nivardo Cabero
     137 Hawthorne Ave., #1
     Yonkers, NY  10701

A24 792 227              BOP# 03846-131

FEB 2 6 1991

## Notice of Direct Family Placement by INS

You have been approved for release to your
family by the Associate Commissioner for
Enforcement, pursuant to the Cuban Review
Plan. You are authorized parole for one year
from the date of your release. You must report
to the nearest Immigration and Naturalization
Service office at the end of your one year to
obtain an extension of your parole.

Your parole is subject to revocation by this
Service if your conduct indicates that parole
would no longer be appropriate.

Sincerely,

D.O./LOS/DIOOP

**Deportation Liaison Officer**
*for Associate Commissioner, Enforcement*
*Immigration and Naturalization Service*

## Colocación Directa con la Familia por INS

Usted ha sido aprobado para ser puesto en
libertad condicional con su familia por el Sub-
Comisionado para el Cumplimiento de las Leyes
de Inmigración, en conformidad con el Plan de
Revisión para Cubanos Detenidos. A Usted se lo
autoriza su libertad condicional por el período de
año a partir de la fecha de su salida. Usted debe
presentarse a la oficina más cercana del Servicio
de Inmigración a la conclusión de dicho período de
un año para obtener una extensión de su
libertad condicional.

Su libertad condicional está sujeta a ser
revocada por éste Servicio si su conducta indica
que su libertad no sería aproplada.

Sinceramente,

D.O/LOS/DIOOP

**Oficial de Intercomunicación**
*por el Sub-Comisionado para el Cumplimiento de las*
*Leyes de Servicio de Inmigración Naturalización*

Form I-801 (07/27/88) English/Spanish

**U.S. Department of Justice**
Immigration and Naturalization Service

Cuban Review Plan

## Notice of Releaseability

Name: Trapaga-Pacheco, Alberto

Date of Birth: 12/01/54

INS A Number: A- 24 792 227

BOP Number: 03846-131

Institution: Federal Penitentiary Lompoc, CA.

The panel has determined that you are releasable under the criteria established in the Cuban Review Plan. Consequently, efforts to find a suitable sponsorship or placement for you shall continue.

It should be clearly understood that you willl not be released from custody until a suitable sponsorship or placement has been arranged for you. If you have any information which could assist in obtaining a suitable sponsorship or placement, you should bring it to the attention of the official from the Community Relations Service.

Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken. Failure to maintain good behavior could result in your continued detention.

Signature: _J.C. Higgins_

Served/
Delivered: _Kenneth W. Tof, Dep Off_

Date: DEC 19 1995

Form I-785 (03/09/88) (Eng)

## NOTICE ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: | DATE : |
|---|---|
| | FILE No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME | Alberto Trapaga Pacheco | | | ☐ Petitioner ☐ Beneficiary | ☐ Applicant ☐ |
|---|---|---|---|---|---|
| ADDRESS (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) | |

| NAME | | | | ☐ Petitioner ☐ Beneficiary | ☐ Applicant ☐ |
|---|---|---|---|---|---|
| ADDRESS (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) | |

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

ROBERT M. SANGER    California and U.S. Supreme Courts    and am not under a
(Name of Court)

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☑ 3. I am associated with ROBERT M. SANGER
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

☐ 4. Others (Explain fully.)

| SIGNATURE  *McKinney* | COMPLETE ADDRESS  1616 Chapala Street  Santa Barbara, CA 93101 |
|---|---|
| NAME (Type or Print)  ROBERT M. SANGER - CATHERINE MCKINNEY | TELEPHONE NUMBER  (805) 569-1452 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS: ROBERT M. SANGER - CATHERINE MCKINNEY
(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| ALBERTO TRAPAGA PACHECO | *Alberto Trapaga* | |

(*NOTE*: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

Form G-28
(Rev. 10-25-79)N                    (OVER)                    UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
For sale by the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402

Alberto Trapaga
Massachusetts Treatment Center
30 Administration Road
Bridgewater, Ma.  02324


Department of Homeland Security
   BICE, Detention & Removal
JFK Federal Builing-17th Floor
15 New Sudbury Street
Boston, Ma.  02203


Re:  **URGENT STATUS REVIEW FOR DEPORTATION**
     **CASE NO: # A-24-792-227**


Dear Madam/Sir,                                    April 2,2004

    On September 11,1982, I was arrested for a Felony. In September 1983, I
was sentenced to a 20 year term at Concord State Prison. ( I received Two
years to serve on said sentence with 18 years suspended ).

    In August 1986, I was released on parole and held on a I.N.S. Warrant
for Deportation.

    On December 30,1986, I filed a Motion for Asylum, which was denied on
January 28,1987.

    On August 25,1987, Mental Health decided I was not a Danger to Public
Safety and the I.N.S. released me on Parole in February, 1991.

    In 1992 I violated my Parole by committing      Robbery. My deportation
order is still in effect. I am supposed to be in the I.N.S. Custody for
violating my Parole by I.N.S. I am awaiting for Deportation to Cuba, under
those actions in that case, but instead returned to a Massachusetts State
Penitentiary to complete or serve out my sentence. That sentence Ended on
March 9,2003.

-2-

Now, after that sentence was completed, I was Petitioned for Civil Commitment under M.G.L. c.123a., as a ( Sexually Dangerous Person ).

On December 5,2003 the court determined that I was a Sexually Dangerous Person, and I was Civilly Committed for One Day to Life at the Massachusetts Treatment Center within Bridgewater, under Docket No: ESCV-2003-0345.

According to Immigration Laws of deportation and the United States code Services,
    Title 8 § 1228 c. 3 (iii) and § 1252

No, Judiciary System shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense. And upon execution by Defendant of a valid wavier of the right to appeal, the order of removal shall become final and shall be executed at the end of the prison term in accordance with the terms of the order.

At this time the Salem Superior Court of Essex County has ignored the Federal Immigration Rules or Orders to deport me back to my homeland CUBA, or turn me over to the Custody of Immigration.

THEREFORE, I respectfully request that my deportation status be re-opened for review and for the immediate return to Cuba, for the reasons indicated above. If, I need to re-open or file any documents to have this situation revaluated or reviewed, Please send me all the necessary paperwork to re-open this claim.

I'll,take this time to thank you for all assistance in this important matter. I am looking forward in hearing from your Agency.


XC.

File                                    Respectfully Submitted,

                                        Alberto Trapaga
                                        Massachusetts Treatment Center
                                        30 Administration Road
                                        Bridgewater, Ma. 02324

## CERTIFICATE OF SERVICE

I certify that I have today mailed
a copy of this letter to the District
Counsel of Immigration & Naturalization
Service, JFK Federal Building, Room 425,
Govt. Ctr., Boston, Ma.02203. by mail,
postage paid.

DATE: 4-20 4 , Alberto Tropoga

Alberto Trapaga
30 Administration Rd.
Bridgewater, MA 02324-3230

Mr. Bruce Chadbourne
Immigration & Naturalization Service
Department of Homeland Security
JFK Federal Building - 17th Floor
Boston, Massachusetts 02109

RE: <u>ORDER OF DEPORTATION/FAILURE TO EXECUTE</u>
      Case No. A-24-792-227

Dear Sir:

Please find a copy of many documents that are very
important for your review, and my situation being newly
confined to the Massachusetts Treatment Center. I am
civilly committed for a period of one day to natural
life. The State of Massachusetts has no authority nor
jurisdiction to civilly commit me to the Treatment Center,
I was released from MCI-Concord, and paroled by the INS,
the state of Massachusetts, once my prison term expired
for the criminal acts had an obligation to see that I
was immediately turned over to the INS, as the United
States District Court did impose and issue an order of
["deportation"], clearly by Federal law, the jurisdiction
lays with the INS and not the State of Massachusetts. Surely,
the state of Massachusetts has exceeded its authority.

It is clear, that the Salem Superior Court overruled
the United States District Court's order to deport me
back to cuba, the Salem Superior Court Judge has surely
exceeded his authority of the already issued order of
deportation which takes a superior standard as to who
hold the jurisdiction. Also, I might reiterate my earlier
statement, the INS had the parole authority and not the
state, as if I had acted in a violent manner, it would
be the INS that would be liable and not the Massachusetts
state Parole Board. See <u>Kent v. Commonwealth</u>, 437 Mass.
312, 771, N.E.2d 770, 777 (Mass.2002). Not only has the
INS ignored the deportation order, the Massachusetts
Department of Correction has ignored it as well, which
gives rise to whom acted in concert with whom to ignore
and violate the original order.

The language of the deportation order is both clear
and unambigious, "once the term of imprisonment was fully
served" the INS had an obligation to execute the order
of deportation issued by the U.S. District Judge. The
question is not who failed their obligation the INS or
the Department of Correction, the question should be
why was the order not executed, "like it or not, the
court has the final word" and surely the order to deport
myself back to cuba by the Judge in the United States
District Court was "the final word."

It clearly appears and smells of some sort of
National reprisal for the plain and simple fact that
I am of Cuban decent, and the United States does not
have influence in Cuba and or its government or people.

This correspondence should also be considered to
be a letter of intent to move for damages and false
imprisonment once released to the custody of the INS
for deportation back to Cuba. The order was clear, and
it is perfectly clear that the order has been [violated],
and it is also perfectly clear by established federal
law that the INS has the jurisdiction and once the term
of imprisonment was served the order should have been
executed immediately.

At this point, the Commonwealth of Massachusetts
has exceeded its authority by holding me [hostage] a
Cuban citizen whom was so ordered to be deported. 1>

Thanking you kindly, I anxiously await your return
with any and all investigational documents, I remain:

                                    Sincerely,

                                    Alberto Trapaga
AT/rjd                              _Alberto Trapaga_ 4-27-04
Enclosures;
file
xc: Immigration & Naturalization Service Washington D.C.
    Senator Edward M. Kennedy (D.Mass)
    Senator John Kerry, (D.Mass.)
    Antonio Mederios (Cuban Immigrant)(Also awaiting Deportation)
    _Antonio Mederios_ 4-27-04
1> It also appears that by the State of Massachusetts
violating the order of deportation that the State use's
foreign immigrants as hostages in its prisons to make
money.

                        -2-

*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
425 I Street, NW
Washington, DC  20536



# U.S. Immigration and Customs Enforcement

June 8, 2004

Mr. Alberto Trapaga
30 Administration Road
Bridgewater, MA 02324

Dear Mr. Trapaga:

This is in reply to your correspondence dated December 16, 2003.  In your letter, you requested information regarding a waiver of deportation.  We understand the concern that has caused you to write and we appreciate the humanitarian appeal.  However, the Immigration and Customs Enforcement (ICE) does not have jurisdiction over your incarceration.

It is our understanding that you are under the jurisdiction of the United States Marshals Service.  Upon your transfer to ICE custody, removal proceedings will begin.  To better assist you, we have determined that you should contact your attorney of record who has better knowledge of your specific case file.  He or she will have a better understanding of your case history and be equipped to help you.  The details included in this letter are provided for informational purposes only.

Sincerely,

James A. Kuiken
Acting Assistant Director
Office of Detention and Removal

From; Alberto Trapaga #m82797
      30 Administration rd.
      Bridgewater,Ma.02324


To; Freedom of Information Officer,
    Immigration/Naturalization services
    JFK Federal Building
    Government Center
    Boston Ma.02203

**RE: FREEDOM OF INFORMATION ACT REQUEST**


        I would like to respectfully request the proper documents

to file a Freedom of Information Act.

        Please send the documents to me at the address listed above

at your earliest convience.

        Thank you in advance for your time.


C/c File                                    Sincerly,

                                            Alberto Trapaga

VISAS

VISAS



República de Cuba

Ministerio del Interior

Dirección de Inmigración y Extranjería

**F**

El portador

se encuentra

exterior con este

Esta autorización es válida por un periodo de

días a partir de su expedición.

Dada en

días del mes de

PRORROGABLE CUANTAS VECES

SEA NECESARIO HASTA QUE SE

PRODUZCA LA SALIDA DEL PAIS.

31

**4**

ES ACOMPAÑADO DE:

| | APELLIDOS | NOMBRES | FECHA DE NACIMIENTO |
|---|---|---|---|
| SU CONYUGE | | | |
| SUS MENORES HIJOS: | | | |
| | | | |
| | | | |

SON TODOS CIUDADANOS CUBANOS

FOTO ESPOSA

FOTO DE LOS HIJOS

LA VALIDEZ DE ESTE PASAPORTE

SE RENUEVA HASTA EL _____

RENOVADO POR _____
AUTORIDAD

EN _____ EL _____
LUGAR FECHA

_____
FIRMA

LA VALIDEZ DE ESTE PASAPORTE

SE RENUEVA HASTA EL _____

RENOVADO POR _____
AUTORIDAD

EN _____ EL _____
LUGAR FECHA

_____
FIRMA

**5**







EXPEDIENTE No.
*1964-5/80*

PASAPORTE No.
*54276*

NOMBRES Y APELLIDOS
*Alberto Antonio Trabaga Pacheco*

LUGAR DE NACIMIENTO
*Camagüey - Cuba*

FECHA DE NACIMIENTO
*1 de Diciembre de 1954*

NOMBRE DEL PADRE
*Humberto*

NOMBRE DE LA MADRE
*Paulina*

ESTADO CIVIL
*Soltero*

PROFESION
—

ESTATURA
*5' 8"*

COLOR DE LOS OJOS
*Pardo*

SEÑALES PARTICULARES VISIBLES
*Tatuajes*

FIRMA DEL TITULAR

EXPEDIDO POR *Dir de Inmig y Ext*
AUTORIDAD

EN *Ciudad Habana*
LUGAR

*20 de Abril de 1980*
FECHA

FIRMA DEL FUNCIONARIO

| 18. Occupation | 19. Waivers |
|---|---|
| 20. INS File | 21. INS FCO |
| A - 24 792 227 | |
| 22. Petition Number | 23. Program Number |
| | BUR # 03846-131 |
| 24. ☐ Bond | 25. ☐ Prospective Student |

26. Itinerary/Comments

**EMPLOYMENT AUTHORIZED THRU 2/26/92**

PURSUANT TO 274a 12(c)(11).
NOT VALID FOR BENEFITS WHERE PROHIBITED BY
FEDERAL, STATE OR LOCAL LAWS.   LOS *M*
"PRIOR WRITTEN AUTHORIZATION IS REQUIRED FOR
TRAVEL OUTSIDE OF THE *New York C.P.* DISTRICT".

27. TWOV Ticket Number

Admission Number

**037329674 02**

Immigration and
Naturalization Service

**I-94
Arrival Record**

PAROLED PURSUANT TO SEC. 212(d) ⑤,
OF THE I & N ACT TO:
February 26 · 1992
PURPOSE: Mariel Cuban Parolee
Sec 212(d)(5) 12(b)(1)
compa (LOS) 2/26/91  MR
(Port)          (Date)          (Officer)

1. Family Name
Irapiga-Pacheco,

2. First (Given) Name
Alberto

3. Birth Date (Day Mo Yr)
12,01,54

4. Country of Citizenship
Cuba

5. Sex (Male or Female)
Male

6. Passport Number
724,792 227

7. Airline and Flight Number

8. Country Where You Live

9. City Where You Boarded

10. City Where Visa Was Issued
Niverro Cabero

11. Date Issued (Day Mo Yr)

12. Address While in the United States (Number and Street)
137 Hawthorne Ave, #1

13. City and State
Yonkers, NY  10701

**FEDERAL DEFENDER OFFICE**

DISTRICT OF MASSACHUSETTS

408 ATLANTIC AVENUE, 3RD FLOOR

**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: 617-223-8061

(FAX) 617-223-8080

July 15, 2004

Mr. Alberto Trapaga
30 Administration Road
Bridgewater, MA  02324

Dear Mr. Trapaga:

Thank you for your letter.

This office handles only criminal cases brought in the United States District Court against people charged with crimes.  We, therefore, cannot help you.

Sincerely,

Owen S. Walker

OSW:lhd

# ALLISON, ANGIER & BARTMON LLP

COUNSELORS AT LAW

69 SOUTH PLEASANT STREET, SUITE 201

AMHERST, MASSACHUSETTS 01002

**FREDERIC G. BARTMON**
fgb@aab-law.com
**DAVID A. ANGIER**
daa@aab-law.com
**DONALD J. ALLISON**
dja@aab-law.com
**LINDA L. PISANO**
llp@aab-law.com

TELEPHONE: (413) 253-9700
TELECOPIER: (413) 256-0170

May 24, 2004

Alberto Trappaga
30 Administration Road
Bridgewater, MA  02324-3230

      Re: <u>Commonwealth v. Trappaga, Docket No. 03-435</u>

Dear Mr. Trappaga:

      As you are aware, I have been appointed by the Committee for Public Counsel Services to represent you in the above-captioned matter.  I have already been in touch with your trial counsel, and am awaiting receipt of his file.  I am also awaiting receipt of the transcripts, which may take some time.  I have also entered my appearance in the trial court and will also do so in the Appeals Court, as soon as the matter is formally docketed.

      I will be out to visit with you, as soon as I receive enough material to better understand your case.  I will also arrange for the services of an interpreter.  In the meantime, I am happy to hear from you, and look forward to hearing your thoughts about the issues that may be raised on this appeal.

                  Very truly yours,

                  Frederic G. Bartmon

FGB/mcr

Alberto Trappaga
30 Administration Rd
Bridgewater, MA 02324-3230

May 17, 2004

Mr. Stan Goldman, Director
Mental Health Litigation Unit
℅ **Committee for Public Counsel Services**
44 Bromfield Street
Boston, Ma. 02108

RE: Trappaga v. Commonwealth
    SDP Appeal/Essex
    Docket No: 03-435

_____

Mr. Goldman

     I am writing this letter, concerning the Appointment of
Appellate Counsel on my case. I have been appointed an Attorney on
my pending SDP Appeal, and the Attorney is from Hampshire County.

     This does not make sense to me, being I am confined in the
Massachusetts Treatment Center, in Bridgewater, MA., which is in
Plymouth County, my case is out of the Essex County Courthouse,
which is in Salem, MA.

     I am not questioning the abilities of Mr. Frederic Bartmon,
Esq., for he may be an excellant attorney, I am questioning the
distance that he will have to travel, and the fact that that
traveling will effect the representation. Further, he is in a
calling zone, which will be long distant, in rates, thus effecting
the amount of calls I will be able to make, to discuss my case.

     The final issue, which is of great importance, is the fact
that I speak fluent Spanish, as I am a Cuban National. Every
counsel that I have been appointed, to represent me, has NOT SPOKEN
SPANISH, which I believe effects the ability for me to communicate
with counsel, and thus effects the representation.

     I am now asking, that your office please reconsider the
appointment of Mr. Frederic Bartmon, Esq., and please appoint
another attorney, one that is nearer to the Plymouth and Essex
Counties, and who speaks Spanish.

     I thank you for your time and assistance in this matter, I
remain:

                              Respectful,

                              Alberto Trappaga
                              30 Administration Rd
                              Bridgewater, MA 02324-3230

_____

xc:  Mr. Frederic Bartmon, Esq.
     file

# Commonwealth of Massachusetts
## Committee for Public Counsel Services
# MENTAL HEALTH LITIGATION UNIT



STAN GOLDMAN
Director
sgoldman@publiccounsel.net

44 Bromfield Street, Boston, MA   02108
Telephone: (617) 482-6212   ***   Facsimile: (617) 988-8489
www..mass.gov/cpcs/mhp

May 18, 2004

Alberto Trappaga
30 Administration Road
Bridgewater, MA 02324

RE:  SDP Appellate Attorney

Dear Mr. Trappaga:

In response to your letter dated May 17, 2004, we have appointed an attorney who is certified to handle SDP Appeals; the fact that his office is not close to Bridgewater has no bearing on his ability to represent you in this appeal.

We have a limited number of attorneys who are certified to do SDP Appeals, and their offices are spread out over Massachusetts; <u>all</u> the appeals are heard at the Appeals Court in Boston, so all appellate attorneys travel into Boston no matter where their offices are located, or where the case originated.

The Committee for Public Counsel Services does not require the attorneys to speak Spanish as part of their certification, as you may know from your experience with your previous attorneys not speaking Spanish.

Please keep in mind that you have the right to an attorney, but not the attorney of your choice.  We have appointed an attorney who is certified in SDP Appeals, and he will be representing you in this appeal, unless you find a Spanish speaking attorney in Plymouth County and hire him/her to represent you on a private basis.

Sincerely,

Lisa Ferrari, Coordinator
Mental Health Litigation Unit

Cc:  Frederic Bartmon, Esq.

Alberto Trappaga
30 Administration Rd
Bridgewater, MA.  02324-3230


Mr. Frederic Bartmon, Esq
Attorney at Law
69 So. Pleasant Street
Amherst, MA. 01002

---

Mr. Bartmon;

     Please find enclosed, paperwork regarding my Deportation
Status. I am respectfully requesting, that you please draw up all
necessary paperwork, forms and documents, to bring me before the
Immigration and Naturalization Services Courts, United States
Federal Courts, so that I may be deported back to my Native Country
of Cuba.

     As I understood the Courts and Attorney's, once I had wrapped
up all of my prison time, I would be brought before the Federal
Court for Deportation Hearings. I wish to go to Federal Court, so
that I may have my deportation hearings, and I may go back to Cuba,
as soon as reasonably possible.

     I have been unable to call your offices, due to the fact that
you have a collect call block on the telephone, thus we are unable
to discuss these matters, and I am unable to get them resolved. My
understanding, I was not supposed to be committed, I was supposed
to be being deported, I trust that this matter will be addressed,
forthwith. Please send me copies of the documents that you file in
Federal Court, for my records. I remain.

                         Sincerely

                         Alberto Trappaga
                         30 Administration Rd
                         Bridgewater, MA.  02324-3230

---

Date:

xc: file