UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERTO TRAPAGA, PRO SE           )
          Petitioner,              )
                                   )
v.                                 )   CIVIL ACTION
                                   )   NO. 1:04-cv-12599
BRUCE CHADBOURNE, ET AL.,          )
          Defendants.              )   PETITIONER'S RENEWED MOTION
                                   )   FOR APPOINTMENT OF COUNSEL

NOW COMES the above petitioner, Alberto Trapaga, and hereby files his self-prepared Renewed Motion for Appointment of Counsel. As grounds, petitioner states as follows:

1. That petitioner is indigent, and could only afford to pay the filing fee for habeas corpus relief of $5.00, and;

2. That petitioner is not schooled in law, and the issues he brings around immigration and deportation would be best represented through experienced counsel, and;

3. That because the issues he brings are so complex, it would be a waste of valuable court time and costs to force him to represent an action that he does not fully understand. The main issue in petitioner's action is quite simple for experienced counsel as it deals squarely with immigration and deportation of petitioner back to his Country of Cuba, and;

4. That petitioner fully understands that the courts dockets are strained for time, therefore, in the best interests of justice it would make logical sense for a seasoned licensed attorney to handle petitioner's action now pending before the court.

## CONCLUSION

For all stated herein, petitioner's renewed motion for the appointment of counsel should be granted in its entirety.

Respectfully submitted,

*/s/ Alberto Trapaga*
Albert Trapaga,
Massachusetts Treatment Center
30 Administration Road
Bridgewater, MA. 02324-3230
Petitioner, Pro Se,

Dated: 02/09/, 2005

## CERTIFICATE OF SERVICE

I, hereby declare under the pains and penalties of perjury, that I have this below date served true and accurate photocopy of the within motion upon the United States Attorney's office for the State of Massachusetts via First Class Mail.

Dated: 02/09/, 2005

*/s/ Alberto Trapaga*
Alberto Trapaga

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ALBERTO TRAPAGA, PRO SE,  )
         Petitioner,      )
                          )
vs.                       )       CIVIL ACTION
                          )       NO. 1:04-cv-12599
BRUCE CHADBOURNE, ET AL,  )
         Defendants.      )       AFFIDAVIT OF ALBERTO TRAPAGA IN
                          )       SUPPORT OF MOTION REQUESTING THE
                                  APPOINTMENT OF COUNSEL
```

The above petitioner, Alberto Trapaga, duly sworn acording to law hereby states and deposes the following:

1. That I am the above petitioner, and I am civilly confined to the Massachusetts Treatment Center, and;

2. That I make this affidavit of my own free will without any manipulation or promise of payments to make such document, and;

3. That the above action and contents thereto, I am familiar with the contents of the complaint, and that the attached affidavit will clearly expose the fact that I did not write the complaint, and;

4. That the individual whom attaches his written and sworn affidavit cannot aid me further as the laws surrounding deportation and immigration are very complex and the language is other than what a jail house lawyer could interpert in order that petitioner's rights not be violated, and;

5. That petitioner is without funds to retain legal counsel to aid him with his action. The (affiant) believes that he is entitled to redress, and to further argue his action pro se would be fruitless, as he knows nothing about the deportation and immigration laws of the United States, and;

6. That petitioner will affix a six month print-out of his institutional account to clearly show the court that he is indigent as defined, and therefore, would qualify for such appointment of counsel.

Signed this, 9th, day of, February ,2005 under the pains and penalties of perjury.

AFFIANT :)  Alberto Trapaga

Dated, this, 9th, day of, February ,2005 at Bridgewater, Massachusetts 02324-3230.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERTO TRAPAGA, PRO SE,<br><br>    Petitioner,<br><br>vs.<br><br>BRUCE CHADBOURNE, ET AL,<br><br>    Defendants. | CIVIL ACTION<br>NO. 1:04-cv-12599<br><br>AFFIDAVIT OF MUHAMMAD MAHDI IN SUPPORT OF PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |

I, Muhammad Mahdi, hereby state and depose the following duly sworn according to law:

1. That I know the above petitioner as he is assigned to the housing unit that I am assigned, and;

2. That I make this affidavit of my own free will without any threats of reprisals, intimidation and or promise of payment, and;

3. That petitioner Alberto Trapaga requested aid of another resident to write a habeas complaint, the individual did write the habeas corpus complaint now pending before the court. The resident whom helped him can no longer aid him as re ralized that the law governing immigration and deportation cases is quite complex, and that the complaint written falls short as to a complaint that raises issues under which relief can be granted, and;

4. That petitioner requested that I look at his habeas petition to see if the complaint could be saved viz-a-viz a request for leave to amend any and all of the deficiencies. Once the (affiant) read the habeas complaint, it was noticed that the complaint falls short as to a complaint under which relief could be granted, and;

5. That affiant can rewrite his complaint, however, the laws surrounding immigration and deportation are very unique and complex, and it would not be in the best interests of petitioner to allow me to proceed to write and argue laws that are very different than a jail house lawyer is used of dealing with, and, therefore, I advized that he file a renewed motion for counsel in order that his rights be protected, and that he receive a fair and impartial hearing. The crux of his complaint is that he was ordered by the United States District Court to be deported to the Country of Cuba at the end of his prison term, that did not happen as what flowed from his criminal sanction was an attachment of a civil commitment possibly for the rest of his life, however, by the laws governing immigration and deportation, he should have been deported before any civil proceedings ever began. The petitioner's action because of its complexity, should be assigned counsel in order that all of his constitutional rights are protected, and;

6. That even though affiant knows the legal process as a jail house lawyer, it would be unfair to petitioner for the following reasons, (i) that the laws that govern immigration are very complex, and (ii) any and all laws that attach to a person being deported from the United States are unique and must receive the full benefit of all protections that govern due process, and (iii) that the petitioner is from the Country of Cuba and does not understand the laws of the United States, and has trouble reading, understanding the contents of the english language, and writing, therefore, it would be most unfair for any jail house lawyer to try to move in the above case.

Signed, this, _9th_, day of, _February_, 2005 under the pains and penalties of perjury.

)   _Muhammad Mahdi_
)   Muhammad Mahdi
AFFIANT: )
)
)