**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **ALBERTO TRAPAGA,** | ) |
| | ) |
| Petitioner, | ) |
| | ) **Civil Action No.** |
| v. | ) **04-12599-NMG** |
| | ) |
| **BRUCE CHADBOURNE, Interim** | ) |
| **Director, Bureau of Immigration** | ) |
| **and Customs Enforcement, et al.** | ) |
| | ) |
| Respondents. | ) |
| | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

In the instant petition for a writ of habeas corpus,
petitioner, Alberto Trapaga ("Trapaga"), seeks to compel the
Bureau of Immigration and Customs Enforcement ("ICE") to remove
him from the custody of Massachusetts and to deport him.
Respondents move to dismiss for lack of subject matter
jurisdiction.

Petitioner left Cuba and entered the United States on May
27, 1980. In 1982, he was convicted in the Commonwealth of
Massachusetts of assault and battery by means of a dangerous
weapon and assault with intent to commit rape. He was sentenced
to twenty years of incarceration but was paroled in 1986. He was
ordered deported and he was held in federal custody by the
Immigration and Naturalization Service until 1991 at which time

-1-

he was paroled. In 1992, he violated his parole by committing a robbery and was re-incarcerated by the Commonwealth of Massachusetts. According to petitioner, his sentence was completed on March 2, 2003.

Prior to his scheduled release, however, the Commonwealth of Massachusetts moved to have the petitioner committed as a sexually dangerous person. A hearing was held before the Massachusetts Superior Court and he was committed indefinitely. He remains in the custody of the Commonwealth at the Nemasket Correctional Center.

On December 9, 2004, Trapaga filed the instant petition for a writ of habeas corpus seeking 1) an order compelling ICE to remove him from state custody and to execute the previous removal order and 2) monetary damages.[1] On January 31, 2005, respondent moved to dismiss for lack of subject matter jurisdiction arguing that the relief petitioner seeks is unavailable under the statute.

Respondent is correct. Pursuant to 8 U.S.C. § 1252(g):

no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien.

The United States Supreme Court has interpreted that provision as

---

[1]Although Trapaga cites 28 U.S.C. § 2241 as the basis of his petition, he, presumably, meant to refer to § 2254.

restricting judicial review of an agency decision not to act upon
an order of deportation.  Reno v. American-Arab
Anti-Discrimination Committee, 525 U.S. 471, 484-85 (1999).
Thus, petitioner may not challenge the decision of ICE not to act
upon the removal order and this petition for a writ of habeas
corpus must be dismissed.

### ORDER

In accordance with the foregoing, respondent's motion to
dismiss (Docket No. 6) is **ALLOWED** and this petition for a writ of
habeas corpus (Docket No. 3) is **DISMISSED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated August 19, 2005

-3-